**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| **KAREN SOE,** | : | **Case No. 1:26-cv-00267** |
| | : | |
| **Plaintiff,** | : | **Judge Douglas R. Cole** |
| | : | |
| **v.** | : | **Magistrate Judge Bowman** |
| | : | |
| **SHERRY DONAWORTH, *et al*.,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

**DEFENDANTS' RESPONSE IN OPPOSITION TO**
**PLAINTIFF'S MOTION FOR LEAVE TO PROCEED ANONYMOUSLY**

Plaintiff, who seeks to proceed in this litigation anonymously as "Karen Soe," was a student in the College of Nursing at the University of Cincinnati until she was dismissed for failing to comply with professional standards of conduct. Plaintiff now asks this Court for the extraordinary relief of hiding her identity—while simultaneously suing three individual defendants by name and accusing them of intentionally violating federal law for their alleged conduct regarding her dismissal.

As set forth below, Plaintiff has failed to meet her burden of establishing that her asserted privacy interest is substantially outweighed by the presumption of open judicial proceedings. Therefore, the Court should deny Plaintiff's Motion for Leave to Proceed Anonymously.

**ARGUMENT**

**I.     Legal Standard.**

Pursuant to Fed. R. Civ. P. 10(a), a "complaint must name all the parties," and Fed. R. Civ. P. 17(a) requires that a case "be prosecuted in the name of the real party in interest." *See Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). In exceptional circumstances, a court can permit a plaintiff to proceed anonymously, but the plaintiff faces a heavy burden in establishing that her

privacy interest is substantially outweighed by the presumption of open judicial proceedings. *Id.*, 370 F.3d at 560.

## II.   Each *Porter* Factor Weighs Against Granting Plaintiff's Motion to Proceed Anonymously.

When determining whether exceptional circumstances exist that might justify a plaintiff proceeding anonymously, courts consider several factors: "(1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information of the utmost intimacy; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children." *Id.* (citation omitted).

Plaintiff's Motion for Leave to Proceed Anonymously falls short of meeting her heavy burden in establishing that her privacy interest is substantially outweighed by the presumption of open judicial proceedings. Each *Porter* factor weighs in favor of denying Plaintiff's Motion.

### A.  Plaintiff Is Not Challenging Governmental Activity.

Plaintiff argues that the first *Porter* factor should weigh in her favor because she is challenging governmental activity. (Motion to Proceed Anonymously, ECF No. 2, PageID 19). However, Plaintiff does not discuss how the allegations in her Complaint apply to this factor, nor does she provide much legal analysis.[1]

In fact, Plaintiff is not challenging a law or policy applicable to the general public, but is, instead, challenging *her* dismissal from the College of Nursing. Court's routinely recognize that such individualized disputes weigh against proceeding anonymously because the plaintiff's

---

[1] Plaintiff cites to *Roe v. Adams-Gaston*, No. 2:17-cv-945, 2017 U.S. Dist. LEXIS 181930 (S.D. Ohio Nov. 2, 2017), however, the Court in *Adams-Gaston* does not provide legal analysis on the issue, the motion appeared to be unopposed, and the facts pertained to sexual misconduct.

identity is directly relevant to the claims at issue. *See Doe v. Univ. of Pittsburgh,* Nos. 18-1442 and 2271, 2019 U.S. App. LEXIS 17423, at *4 (6th Cir. June 10, 2019) (where "the government activity is not applicable to the general public ... [t]he identity of the suing party is [ ] relevant."); *Doe v. Bowling Green State Univ.*, No. 3:22-CV-140, 2022 WL 4599247, at *14 (N.D. Ohio Sept. 30, 2022) (same).

Therefore, the Court should weigh this factor in favor of an open judicial proceeding.

### B. Plaintiff Will Not Be Compelled To Disclose Information Of The Utmost Intimacy.

Regarding the second *Porter* factor, Plaintiff argues that disclosing her name will "forever associate her with allegations of academic misconduct" and maintaining confidentiality of students is consistent with the Family Educational Rights and Privacy Act, 20 U.S.C. §1232g ("FERPA"). However, she does not identify what "information of the utmost intimacy" she would be compelled to disclose. And Plaintiff appears to be equating "education records" under FERPA to "information of the utmost intimacy" but she fails to set forth legal support for this equation.

Information of the "utmost intimacy" includes religious beliefs, sexual abuse, birth control, abortion, sexual orientation, and the welfare rights of illegitimate children. *Bowling Green State Univ.*, 2022 WL 4599247, at *15 (citations omitted). No such information is at issue in this matter. (*See* generally Complaint, ECF No. 1). Indeed, it appears more common that college students challenging disciplinary procedures are required to proceed in their own name. *See Univ. of Akron*, No. 5:15-cv-2309, 2016 WL 4520512 (N.D. Ohio Feb. 3, 2016) (declining to permit student to proceed anonymously in lawsuit challenging dismissal procedures even where it might require disclosure of medical conditions and disabilities); *see also id*. at *4 (collecting cases of students challenging disciplinary procedures and yet, being required to proceed under their own name).

If Plaintiff has concerns about maintaining the confidentiality of her education records pursuant to FERPA, the appropriate measure is execution of a protective order—not concealing Plaintiff's identity altogether.  *See Koe v. University Hospitals Health Systems, Inc., et al.*, No. 22-3952, 2024 WL 1048184, at *2 (6th Cir. Mar. 8, 2024) ("Koe could have been protected from the disclosure of private or embarrassing information that he revealed in his counseling sessions by filing the records under seal.").

Therefore, the Court should weigh this factor in favor of an open judicial proceeding.

### C.  Plaintiff Does Not Contend The Remaining *Porter* Factors Apply To Her.

The final two *Porter* factors also weigh against Plaintiff proceeding anonymously. First, Plaintiff is not a child (nor does she allege that she is a child). As set forth in her Complaint, she came to the University of Cincinnati after having already obtained a Master of Science. (Compl., ECF No. 1, PageID 4). Second, Plaintiff does not allege that she would be compelled to disclose an intention to violate the law thereby risking criminal prosecution. Consequently, the final two *Porter* factors also weigh in favor of an open judicial proceeding.

### III.  Plaintiff's Request for Anonymity Unfairly Prejudices the Individual Defendants and Is Not Justified by Any Legitimate Privacy Interest.

Finally, Plaintiff's argument that the individual Defendants will suffer no harm because they are aware of Plaintiff's identity and they have an obligation to maintain the confidentiality of Plaintiff's education records is misplaced.

Reputational and economic harm may arise from the mere filing of the suit, regardless of whether Defendants know Plaintiff's identity. *Bowling Green State Univ.*, 2022 WL 4599247, at *14 (the "mere filing of a civil action against other private parties may cause damage to their good names and reputation and may also result in economic harm."). Plaintiff's request would create a fundamental imbalance: she seeks to publicly accuse three identified individuals of intentional

wrongdoing while shielding her own identity. Courts are less likely to permit anonymity in such circumstances, and basic fairness requires that a plaintiff who makes public accusations stand behind them while defendants retain the ability to defend themselves openly. *See Bowling Green State Univ.*, 2022 WL 4599247, at \*14; *Doe v. Indiana Black Expo Inc.*, 923 F. Supp. 137, 141 (S.D. Ind. 1996).

Moreover, Plaintiff is incorrect that her education records remain confidential in this context. By filing suit and placing those matters at issue, she has consented to their disclosure in connection with this proceeding. *See* 34 C.F.R. § 99.31(a)(9)(iii)(B).

## CONCLUSION

Plaintiff has not carried the heavy burden required to proceed anonymously. For the reasons discussed above, Defendants respectfully request that the Court enter an order denying Plaintiff's Motion for Leave to Proceed Anonymously (Doc. 2), and order Plaintiff to file an amended complaint identifying herself by her legal name. If Plaintiff refuses to identify herself by her legal name, the Court should dismiss Plaintiff's Complaint in its entirety for lack of jurisdiction. *See Citizens for a Strong Ohio v. Marsh*, 123 Fed. Appx. 630, 637 (6th Cir. 2005) ("[T]he federal courts lack jurisdiction over the unnamed parties, as a case has not been commenced with respect to them.") (citation omitted); *Doe v. Mitchell*, No. 2:20-CV-00459, 2020 WL 6882601, at \*2 (S.D. Ohio Nov. 24, 2020), report and recommendation adopted, No. 2:20-CV-459, 2021 WL 2313436 (S.D. Ohio June 7, 2021).

Respectfully submitted,

*/s/ Jada M. Colon*

Philip D. Williamson (0097174)
Jada M. Colon (0099048)
Taft Stettinius & Hollister LLP
301 East Fourth Street, Suite 2800
Cincinnati, Ohio 45202
Telephone: (513) 381-2838
Fax: (513) 381-0205
pwilliamson@taftlaw.com
jcolon@taftlaw.com

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I certify that on April 6, 2026, I filed the foregoing using the Court's CM/ECF system, which will send electronic notice of such filing to all parties of record.

*/s/ Jada M. Colon*