Neutral
As of: April 6, 2026 1:48 PM Z

# Doe v. Univ. of Pittsburgh

United States Court of Appeals for the Sixth Circuit

June 10, 2019, Filed

Nos. 18-1442/2271

## Reporter

2019 U.S. App. LEXIS 17423 *

JANE DOE, Plaintiff-Appellant, v. UNIVERSITY OF PITTSBURGH, et al., Defendants-Appellees, and UNKNOWN PARTIES, named as John Does 1-7, Defendants.

**Notice:** NOT RECOMMENDED FOR FULL-TEXT PUBLICATION. SIXTH CIRCUIT RULE 28 LIMITS CITATION TO SPECIFIC SITUATIONS. PLEASE SEE RULE 28 BEFORE CITING IN A PROCEEDING IN A COURT IN THE SIXTH CIRCUIT. IF CITED, A COPY MUST BE SERVED ON OTHER PARTIES AND THE COURT. THIS NOTICE IS TO BE PROMINENTLY DISPLAYED IF THIS DECISION IS REPRODUCED.

**Subsequent History:** Rehearing, en banc, denied by Doe v. Univ. of Pittsburgh, 2019 U.S. App. LEXIS 23319 (6th Cir., Aug. 2, 2019)

**Prior History: [*1]** ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN.

Doe v. Univ. of Pittsburgh, 2018 U.S. Dist. LEXIS 41436 (W.D. Mich., Mar. 14, 2018)

## Core Terms

district court, lack of jurisdiction, magistrate judge, recommendation, amended complaint, pseudonym, appeals, factors, argues, motion for a protective order, relief from judgment, government activity, nondispositive, matters, motions, law enforcement activity, abuse of discretion, denial of a motion, friends and family, motion for relief, notice of appeal, writ of mandamus, fail to file, false claim, no argument, no abuse, miscellaneous, challenges, reinstated, orders

## Case Summary

### Overview

HOLDINGS: [1]-The district court did not err in denying the plaintiff permission to proceed under a pseudonym in her action against a university and staff members, which alleged that they retaliated against her for exercising her First Amendment rights, because the government activity at issue was not applicable to the general public. The identity of the suing party was therefore relevant. The effect on plaintiff's associates and her job search were not exceptional compared to other cases alleging civil rights violations; [2]-Plaintiff was not entitled to a writ of mandamus to allow her to object to the magistrate judge's disposition of several nondispositive matters and the district court's denial of her motion for a stay of judgment because a writ of mandamus was available only where there was a clear and indisputable right to relief.

### Outcome

The court affirmed the district court's orders.

## LexisNexis® Headnotes

Civil Procedure > Appeals > Standards of Review > Abuse of Discretion

Civil Procedure > Parties > Real Party in Interest > Fictitious Names

### HN1 Standards of Review, Abuse of Discretion

The United States Court of Appeals for the Sixth Circuit reviews a decision on a motion to use a pseudonym for an abuse of discretion, considering, among other factors, whether the case challenges government activity, whether the party would be compelled to disclose information of the utmost intimacy or information that the party intends to violate the law, and whether the party is a child.

Civil Procedure > ... > Writs > Common Law Writs > Mandamus

### HN2 Common Law Writs, Mandamus

A writ of mandamus is available only where there is a clear and indisputable right to relief.

Civil Procedure > Appeals > Standards of Review > Abuse of Discretion

Civil Procedure > Judgments > Relief From Judgments > Altering & Amending Judgments

### HN3 Standards of Review, Abuse of Discretion

The denial of a motion for relief from judgment is reviewed for an abuse of discretion.

Civil Procedure > ... > Relief From

Judgments > Grounds for Relief from Final Judgment, Order or Proceeding > Excusable Mistakes & Neglect

### HN4 Grounds for Relief from Final Judgment, Order or Proceeding, Excusable Mistakes & Neglect

Ignorance of the law is not a basis for relief under Fed. R. Civ. P. 60(b)(1).

**Counsel:** Jane Doe, Plaintiff - Appellant (18-1442, 18-2271), Pro se, East Lansing, MI.

For University of Pittsburgh, JAMES SHAW, in his individual and official capacities, ANIL GUPTA, in his individual and official capacities, JOHN MCDOWELL, in his individual and official capacities, TOM RICKETTS, in his individual and official capacities, JENNIFER WHITING, in her individual and official capacities, Defendants - Appellees (18-1442, 18-2271): Shannon Huygens Paliotta, University of Pittsburgh, Office of General Counsel, Pittsburgh, PA.

**Judges:** Before: GUY, GIBBONS, and NALBANDIAN, Circuit Judges.

## Opinion

ORDER

This Michigan resident, appearing pro se, appeals a district court order denying her motion for a protective order to allow her to pursue her lawsuit under a pseudonym, the denial of other miscellaneous motions, the dismissal of her complaint for lack of jurisdiction, and the denial of her motion for relief from judgment. These appeals have been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a).

Plaintiff filed a complaint against the University of Pittsburgh **[\*2]** and several of its staff, alleging that defendants retaliated against her for exercising her First Amendment rights and violated the Pennsylvania constitution. Specifically, she alleged that, as a PhD student in philosophy, she gave a negative review of her advisor to the department head, which resulted in defendants making false claims and revealing personal information about her and her friends and family, negatively affecting her search for a position in academia, including at other universities. She moved for a protective order to allow her to pursue the case under a pseudonym. A magistrate judge recommended that the motion be denied and that Plaintiff be ordered to amend her complaint to reveal her identity, or the case would be dismissed for lack of jurisdiction. The district court overruled Plaintiff's objections to the recommendation and adopted the magistrate judge's report. Several miscellaneous motions were denied by the magistrate judge pending the filing of an amended complaint, and the district court denied Plaintiff's motion to stay the judgment. Plaintiff filed a notice of appeal referencing all of these orders (No. 18-1442). We dismissed the appeal for lack of jurisdiction, and Plaintiff **[\*3]** filed a petition for rehearing en banc. Meanwhile, in the district court, the case was dismissed for lack of jurisdiction when Plaintiff failed to file an amended complaint within the extended period for doing so. Plaintiff moved for relief from judgment, which the district court denied. We reinstated Plaintiff's original appeal on rehearing. Plaintiff then filed a second notice of appeal (No. 18-2271), and the appeals were consolidated for submission and decision.

Plaintiff argues that the district court erred in denying her permission to proceed under a pseudonym because her privacy interests substantially outweigh the presumption of open judicial proceedings, citing *D.E. v. Doe*,

834 F.3d 723, 728 (6th Cir. 2016). **HN1** We review a decision on a motion to use a pseudonym for an abuse of discretion, considering, among other factors, whether the case challenges government activity, whether the party would be compelled to disclose information of the utmost intimacy or information that the party intends to violate the law, and whether the party is a child. *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). Plaintiff concedes that the latter two factors are not applicable here. She argues that she is challenging government activity, but, unlike in *Porter*, the government activity is not **[\*4]** applicable to the general public. *Id.* at 561. The identity of the suing party is therefore relevant. She also argues that she meets the second factor, and that the district court should have considered other factors, such as the impact on her friends and family, the disadvantage to her employment opportunities, and interference with law enforcement activities. Any medical records could be filed under seal, and because Plaintiff intended to debunk defendants' allegedly false claims about her, anonymity would not be required. The effect on her associates and her job search are not exceptional compared to other cases alleging civil rights violations, and no law enforcement activity has been identified that would be impeded. Plaintiff has not shown that the district court abused its discretion.

Plaintiff also seeks a writ of mandamus to allow her to object to the magistrate judge's disposition of several nondispositive matters and the district court's denial of her motion for a stay of judgment. **HN2** A writ of mandamus is available only where there is a clear and indisputable right to relief. *Miller v. French*, 530 U.S. 327, 339, 120 S. Ct. 2246, 147 L. Ed. 2d 326 (2000). Plaintiff is not entitled to relief here, because it is entirely within the district court's discretion whether **[\*5]** to refer nondispositive matters to the magistrate judge or address them itself, and whether to seek a

recommendation to which objections may be filed. *See* 28 U.S.C. § 636(b)(1). In any event, the district court's reference of nondispositive matters to the magistrate judge did not prevent Plaintiff from seeking review of the magistrate judge's rulings by the district court. *See id.* § 636(b)(1)(A). Moreover, Plaintiff makes no argument on appeal as to the merits of the motions.

In No. 18-2271, Plaintiff appeals the dismissal of her action for lack of jurisdiction after she failed to file an amended complaint identifying herself and the denial of her motion for relief from judgment. She argues that the district court lacked jurisdiction to dismiss the action because she had filed an appeal to this court. She did not raise this issue below. Moreover, at the time the district court dismissed the action, the appeal had been dismissed for lack of jurisdiction, and it was not reinstated until after the denial of the motion for relief from judgment. Plaintiff presents no argument as to the district court's authority to dismiss the action for Plaintiff's failure to file an amended complaint as ordered.

*HN3* The denial of a motion for **[*6]** relief from judgment is reviewed for an abuse of discretion. *See Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006). No abuse of discretion is apparent here. Plaintiff's argument is merely that the magistrate judge erred in recommending that her motion for a protective order be denied because she disagrees with the analysis of the relevant factors, and that the district court erred when it failed to reject the magistrate judge's recommendation. Plaintiff also argued that her own inadvertence and excusable neglect were grounds for relief from judgment under Federal Rule of Civil Procedure 60(b)(1) because she did not realize how much information she was required to include in her motion for a protective order. However, *HN4* ignorance of the law is not a basis for relief under Rule

60(b)(1). *Cf. FHC Equities, L.L.C. v. MBL Life Assur. Corp.*, 188 F.3d 678, 685-86 (6th Cir. 1999). Therefore, no abuse of discretion has been demonstrated.

For all of the above reasons, we **AFFIRM** the district court's orders.

---

**End of Document**



Neutral
As of: April 6, 2026 3:21 PM Z

# Roe v. Adams-Gaston

United States District Court for the Southern District of Ohio, Eastern Division

November 2, 2017, Decided; November 2, 2017, Filed

Case No. 2:17-cv-945

**Reporter**
2017 U.S. Dist. LEXIS 181930 *

JANE ROE, Plaintiff, v. JAVAUNE ADAMS-GASTON, et al., Defendants.

**Subsequent History:** Motion granted by Roe v. Adams-Gaston, 2018 U.S. Dist. LEXIS 185697 (S.D. Ohio, Apr. 17, 2018)

## Core Terms

anonymously, privacy interest, disclose information, judicial proceedings, government activity, circumstances, intimacy, outweigh, utmost

**Counsel:** [*1] For Jane Roe, Plaintiff: Joshua A Engel, LEAD ATTORNEY, Anne L Tamashasky, Engel & Martin, LLC, Mason, OH.

For Javaune Adams-Gaston, Kellie Brennan, Diedre Rosenfeld, Allan Williams, Doug Koyle, Meghan Ninneman, Defendants: Christina Louise Corl, LEAD ATTORNEY, Plunkett Cooney, Columbus, OH; Reid T Caryer, Ohio Attorney General's Office, Columbus, OH.

**Judges:** EDMUND A. SARGUS, Jr., CHIEF UNITED STATES DISTRICT JUDGE. Magistrate Judge Chelsey M. Vascura.

**Opinion by:** EDMUND A. SARGUS

## Opinion

### OPINION AND ORDER

This matter is before the Court on Plaintiff Jane Roe's Motion for Leave to Proceed Anonymously [ECF No. 4]. Defendants do not object to this request.

A complaint generally must state the names of all parties. *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). However, the Court may excuse a plaintiff from identifying herself in certain circumstances. *Id.* A plaintiff can proceed anonymously only if her privacy interests substantially outweigh the presumption of open judicial proceedings. *Id.* Several considerations guide this inquiry: (1) whether the plaintiff is suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiff to disclose information "of the utmost intimacy"; (3) whether the litigation compels the plaintiff [*2] to disclose an intention to violate the law; and (4) whether the plaintiff is a child. *Id.* (quoting *Doe v. Stegall*, 653 F.2d 180, 185-86 (5th Cir. 1981)).

The Court has balanced Plaintiff's privacy interests against the public's right of access to court proceedings. *See Porter*, 370 F.3d at 560. That Plaintiff is challenging a governmental activity weighs in favor of her request to proceed anonymously. And, critically, given the circumstances of this case, requiring Plaintiff to proceed under her real name would disclose information of the utmost intimacy, including education records protected from disclosure by the Family

2017 U.S. Dist. LEXIS 181930, *2

Educational Rights and Privacy Act (FERPA), 20 U.S.C. § 1232g; 34 C.F.R. pt. 99. For these reasons, Plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings, and the Court **GRANTS** Plaintiff's Motion for Leave to Proceed Anonymously [ECF No. 4] as "Jane Roe."

Plaintiff shall inform the Court if her identity becomes public knowledge at any point during the litigation. The Court would, in that situation, reconsider the analysis supporting Plaintiff's request to proceed anonymously.

**IT IS SO ORDERED**.

11-2-2017

**DATE**

/s/ Edmund A. Sargus, Jr.

EDMUND A. SARGUS, JR.

CHIEF UNITED STATES DISTRICT JUDGE

---

**End of Document**