**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO**

KAREN SOE,

Plaintiff

v.

SHERRY DONAWORTH, ET AL

Defendants

Case No. 1:26-cv-00267-DRC

Judge: COLE

REPLY TO RESPONSE TO MOTION
FOR LEAVE TO PROCEED
ANONYMOUSLY

Plaintiff respectfully submits this Reply to the Response to Plaintiff Motion for Leave to Proceed Anonymously.  (Doc#2; Doc#5.)  The Ohio Attorney General's Office, as noted in passing in the Response, has previously not opposed motions by students for leave to proceed anonymously.  *See* Response at PageID#26 fn 1 (noting that motion in prior case was not opposed by Ohio Attorney General).  The Attorney General's prior genuine expressions of concern for the privacy of Ohio students when previously representing public universities in this Court and acquiescing to pseudonymous proceedings remains the better course of action.

**MEMORANDUM**

The parties agree that this Court has the discretion to allow a party to proceed anonymously under a pseudonym.  The parties also agree that the Sixth Circuit's decision in *Doe v. Porter*, 370 F.3d 558, 561 (6th Cir. 2004), describes the factors to be considered.

In this case, Plaintiff is suing to challenge her dismissal because she expressed an opinion about governmental activity.  Defendants argue otherwise, suggesting that this is not about "challenging a law or policy applicable to the general public."  Def. Memo. at PageID#26-27.  While this case is not a facial challenge to a government or school policy, this case is also not solely focused on a student's alleged conduct.  Plaintiff alleges that she was disciplined in substantial part because of

1

her opposition to a government policy. In particular, Soe alleges that she "expressed significant opposition UC's changes to DEI programs and campus bathroom policies." Complaint PageID#9-10. In this respect, Plaintiff is suing to challenge a government decision which requires her to reveal her beliefs about a particularly sensitive topic – DEI -- that could subject her to considerable harassment in the future. *See Porter*, 370 F.3d at 560. *Compare EW v. N.Y. Blood Center*, 213 F.R.D. 108, 111 (E.D.N.Y. 2003) ("this case is analogous to one involving a government defendant, where personal anonymity is more readily granted because of the existence of a public interest in the action and a lesser interest in personal reputation").

Defendants fail to adequately address the fact that Congress has, in enacting FERPA, indicated that school disciplinary records should be maintained as confidential; requiring Plaintiff to proceed under her own name would undermine that policy choice. FERPA "recognizes an important privacy interest for students." *Brown v. Univ. of Kansas*, D.Kan. No. 10-2606, 2012 U.S. Dist. LEXIS 24565, at *4-5 (Feb. 27, 2012). As one court observed, "the privacy concerns" of students has been "vigorously and intentionally protected by Congress." *Stanislaus v. Emory Univ.*, N.D.Ga. No. 1:05-CV-1496-RWS, 2006 U.S. Dist. LEXIS 110376, at *23 (July 28, 2006). *See also Krebs v. Rutgers*, 797 F.Supp. 1246, 1259 (D.N.J.1992) (noting that "the important privacy interests protected by… FERPA reflect the fact that any violation of those protected rights presents serious, 'irreparable' injury"); *Jackson v. Willoughby Eastlake Sch. Dist.*, N.D.Ohio No. 1:16CV3100, 2018 U.S. Dist. LEXIS 49508, at *9 (Mar. 23, 2018) (noting "FERPA's underlying privacy concerns").

While FERPA does not "specifically prohibit" the release of education records, FERPA was intended to protect student education records, such as academic standing and would be defeated by requiring Plaintiff to include her name in a lawsuit describing those records. The FERPA definition of protected, personally identifiable information, is broad and includes "Other information that, alone or in combination, is linked or linkable to a specific student that would allow a reasonable person in

2

the school community, who does not have personal knowledge of the relevant circumstances, to identify the student with reasonable certainty." 34 C.F.R. 99.3.

This Court, in *Roe v. Adams-Gaston,* S.D.Ohio No. 2:17-cv-945, 2017 U.S. Dist. LEXIS 181930, at *2 (Nov. 2, 2017), specifically relied upon FERPA in concluding that Plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings. 2017 U.S. Dist. LEXIS 181930, at *2. Defendants seek to limit *Adams-Gaston* by suggesting that this Court did not "provide legal analysis on the issue." Def. Memo. at PageID#26 fn.1. However, in *Adams-Gaston* this Court interpreted information protected by FERPA as "information of the utmost intimacy." *Id.* Consistent with Congress' intent to prevent the public disclosure of student educational records, Plaintiff's identity should be protected in order to avoid deterring students from suing educational institutions to vindicate their rights because they fear that they will be stigmatized if they are forced to forfeit their FERPA rights and bring suit under their true identity. One court noted, "It makes little sense to lift the veil of pseudonymity that—for good reason—would otherwise cover these proceedings simply because the university erred and left the accused with no redress other than a resort to federal litigation." *Doe v. Rector & Visitors of George Mason Univ.*, 179 F. Supp. 3d 583, 593 (E.D.Va. 2016).[1] *See also Smith v. Bentley Univ.,* D.Mass. Civil Action No. 25-CV-12317-AK, 2026 U.S. Dist. LEXIS 13731, at *8 (Jan. 26, 2026) (noting that while not dispositive on anonymity issue, "FERPA… weigh[s]

---

[1] Defendants' reference to FERPA regulations that a lawsuit naming against a school indicates a consent to disclosure of educational records in inapplicable. The regulations provide only that in those circumstances the records may be "disclose[d] to the court" and do not address public disclosure. 34 C.F.R. § 99.31(a)(9)(iii)(B). This concern here is that unscrupulous school administrators may be encouraged to violate student rights with the expectation that students will not pursue litigation for fear of forfeiting their FERPA rights.

Defendants also suggest that if "Plaintiff has concerns about maintaining the confidentiality of her education records pursuant to FERPA, the appropriate measure is execution of a protective order." Defendants cite only *Koe v. University Hospitals Health Systems, Inc., et al.*, 6th Cir. No. 22-3952, 2024 U.S. App. LEXIS 5695 (Mar. 8, 2024) for this proposition. *Koe*, however, does not mention FERPA.

in favor of protecting privacy interests in the adjudicative record and counsel caution before exposing student discipline materials to public view.").

Defendants also suggest that this Court should consider the harm to Defendants' reputations from being named in a suit. Def. Memo. at PageID#28. Defendants, however, fail to identify any specific prejudice to their reputations or ability to work as state employees merely by the pursuit of this action under a pseudonym; the harm to Defendants' reputations (if any) is the same regardless of whether Plaintiff is named or not! *See EW v. New York Blood Ctr.*, 213 F.R.D. 108, 112 (E.D.N.Y. 2003) (examining harm caused by permitting plaintiff to proceed anonymously versus harm from being named in lawsuit in general). Defendants' 'fairness' argument also fails to consider that Doe's action is against individuals acting as government officials, not mere private parties. Defendants are being sued in their official and individual capacities. Indeed, as the *Porter* test acknowledges, there is a public interest in exposing state activity that violates constitutional principles which is advanced by preserving Soe's anonymity.[2] Defendant's complaints about "fundamental fairness" should be unpersuasive for this reason; none of the *Porter* factors speak of a need for an 'even playing field." Instead, the cases examine the practical impacts on the litigation process if Plaintiff were permitted to proceed anonymously.[3]

---

[2] Plaintiff might prefer to Plaintiff to sue the university only (as would Plaintiff), but sovereign immunity bars suits for monetary relief against a state or an arm of that state as well as state officials sued in their official capacity. *Ernst v. Rising*, 427 F.3d 351, 358 (6th Cir. 2005). This is why Defendant's reliance on *Doe v. Bowling Green State Univ.*, N.D.Ohio No. 3:22-cv-140, 2022 U.S. Dist. LEXIS 179939, at *13 (Sep. 30, 2022), is misplaced. The *Bowling Green* court suggested that the plaintiff's request to proceed anonymously was unfair because the plaintiff also sued individuals in both their official and personal capacities instead of merely suing the school. But the plaintiff could not have merely sued the school. BGSU, as a public state university, qualifies as an arm of the state, and therefore, the 11th Amendment barred suits against BGSU in federal court.

[3] Defendants do not contest that since they already know Plaintiff's identity, there is no "unique threat of fundamental unfairness" to a Defendant. *Doe v. Sutton*, E.D.Mo. No. 4:23-cv-01312-SEP, 2025 U.S. Dist. LEXIS 51483, at *13 (Mar. 20, 2025), *quoting Cajune v. Indep. School Dist. 194*, 105 F.4th 1070 (8th Cir. 2024).

In suggesting the need for a 'level playing field,' Defendants fail to distinguish between suits brought against private individuals and government officials in their individual capacity.  "When a lawsuit challenges governmental actions, actors, or policies, the plaintiff has a strong interest in proceeding anonymously."  *Doe v. Syracuse Univ.*, N.D.N.Y. Civil Action No. 5:18-CV-0496 (FJS/DEP), 2018 U.S. Dist. LEXIS 154899, at *18 (Sep. 10, 2018).  Defendants are not ordinary private parties with interests relating solely to their personal life and business reputation.  Rather, they are public employees paid to perform an important, public service.  *See Plaintiff v. Wayne State Univ.*, E.D.Mich. No. 20-cv-11718, 2021 U.S. Dist. LEXIS 12675, at *14 (Jan. 25, 2021) ("The Court acknowledges Defendants' argument that Plaintiff also brings his action against five other individuals in their official and individual capacities. However, other courts with this District have declined to rule against a plaintiff for this distinction.").

Finally, Defendants incorrectly assert that the final two *Porter* factors (age and possible disclosure of criminal conduct) weigh "against" Plaintiff proceeding anonymously.  These factors, as Plaintiff acknowledges are inapplicable.  As a result, they are neutral and do not weigh for or against this Motion.  *Doe v. Poppell*, E.D.Ky. No. 23-98-DLB-CJS, 2024 U.S. Dist. LEXIS 253423, at *4 (Mar. 25, 2024)(noting that where "*Porter* factors are inapplicable…  they do not weigh in favor of anonymity"); *Doe v. Univ. of Detroit Mercy School of Dentistry*, E.D.Mich. No. 24-cv-11106, 2025 U.S. Dist. LEXIS 21668, at *7 (Feb. 6, 2025) (where some *Porter* factors are inapplicable, court made determination based on remaining factor); *Doe v. City of Detroit*, E.D.Mich. Civil Action No. 18-cv-11295, 2018 U.S. Dist. LEXIS 118787, at *3-4 (July 17, 2018) (where it was "undisputed that the third and fourth factors… are inapplicable," court must "grapple with" remaining factors).

*Wherefore*, Plaintiff should be granted leave to proceed anonymously.

Respectfully submitted,

 _/s/ Joshua Engel_____
Joshua Adam Engel (OH 0075769)
ENGEL AND MARTIN, LLC
4660 Duke Drive, Ste 101
Mason, OH 45040
(513) 445-9600
(513) 492-8989 (Fax)
engel@engelandmartin.com

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been electronically served via the Court's electronic filing system this April 14, 2026 upon all counsel of record.

/s/ Joshua Engel
Joshua Engel