## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

**KAREN SOE,**

        **Plaintiff,**

                              **Case No. 1:26-cv-267**

    **v.**

                              **JUDGE DOUGLAS R. COLE**

**SHERRY DONAWORTH, et al.,**

        **Defendants.**

### ORDER

Plaintiff Karen Soe is suing various University of Cincinnati employees for allegedly violating her First Amendment rights. (Compl., Doc. 1, #14–15). She claims that Defendants pursued disciplinary action against her, eventually leading to her expulsion, in retaliation for her criticism of the school's efforts to roll back various diversity, equity, and inclusion programs. (*Id.*). But Karen Soe is not Plaintiff's real name. (*Id.* at #2 n.1). Instead, she seeks leave to proceed under a pseudonym. (Mot. for Leave to Proceed Anonymously, Doc. 2). That is because she fears that "the disclosure of [her] name would forever associate her with allegations of academic misconduct." (*Id.* at #19). Defendants oppose that request, on the grounds that Plaintiff fails to establish that her asserted privacy interest outweighs the strong presumption of open judicial proceedings. (Resp., Doc. 5, #25). Plaintiff has replied, (Doc. 6), so the motion is now ripe.

Federal Rule of Civil Procedure 10(a) plainly requires that a complaint "name all the parties." However, courts "may excuse plaintiffs from identifying themselves in certain circumstances." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). Those

circumstances, though, are narrow, and that is by design. "[P]roceeding pseudonymously is the exception rather than the rule." *C.S. v. Stay Inn*, No. 3:25-cv-2322, 2026 WL 73819, at *1 (N.D. Ohio Jan. 9, 2026) (quoting *Doe v. Franklin Cnty.*, 2:13-cv-503, 2013 WL 5311466, at *2 (S.D. Ohio Sept. 20, 2013)); *see also, e.g.*, *Doe v. Ky. Cmty. & Tech. Coll. Sys.*, No. 20-6, 2020 WL 998809, at *2 (E.D. Ky. Mar. 2, 2020) (same). Indeed, the Seventh Circuit recently noted the "strong presumption in favor of requiring adult parties to litigate under their real names in federal court," and it applied that presumption in a case involving a claim that a university had violated one of its student's rights. *Doe v. Univ. of S. Ind.*, 172 F.4th 511, 514 (7th Cir. 2026). And this Circuit's decision in *Porter* suggests Plaintiff must overcome that same strong presumption here. 370 F.3d at 560.

The overarching question in the present case, then, is whether Plaintiff's "privacy interests substantially outweigh the presumption of open judicial proceedings." *Id.* In resolving that question, a court should consider at least the following four factors[1]:

> (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information "of the utmost intimacy"; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children.

*Id.* (citing *Doe v. Stegall,* 653 F.2d 180, 185–86 (5th Cir. 1981)).

---

[1] The Court says "at least" because *Porter* does not suggest this list is exhaustive.

Considering those factors here, the Court finds that Plaintiff has not shown she is entitled to proceed pseudonymously. Start with the easy part—the last two considerations do not favor anonymity in this case, a point Plaintiff does not contest. (*See* Reply, Doc. 6, #43).

The other two factors are not much better for her. Take the first one—whether the suit is directed at the government. Plaintiff is suing state employees for their actions, claiming that those actions violate the Constitution. (Doc. 1). So sure, her suit challenges "government activity" in some sense. But courts typically find this factor to weigh in favor of anonymity only in a particular context: when "the action is against a governmental entity 'seeking to have a law or regulation declared invalid.'" *Doe v. Univ. of Pittsburgh*, No. 1:17-cv-213, 2018 WL 1312219, at *2 (W.D. Mich. Mar. 14, 2018) (quoting *Doe v. Merten*, 219 F.R.D. 387, 394 (E.D. Va. 2004)); *see also Doe v. Pittsylvania Cnty.*, 844 F. Supp. 2d 724, 730 (W.D. Va. 2012) ("The simple fact that [a] plaintiff sues a governmental entity does not give the court more reason to grant her request for anonymity."). In other words, when a plaintiff challenges a rule of general applicability—a law, a regulation, or, in the current context, a policy that applies to students across campus—this factor supports allowing a plaintiff to mount that challenge anonymously. That is perhaps because in such cases the identity of the plaintiff is wholly irrelevant, or because such a challenge may require the plaintiff to declare an intention to *violate the law*.[2] But that is not the type of case Plaintiff

---

[2] Under *Porter*, whether a plaintiff must disclose an intent to violate the law is itself the third factor, 370 F.3d at 560, one which Plaintiff states is "inapplicable" here, (Doc. 6, #43).

brings here. She does not claim that the University has an unconstitutional policy that it applied to her like everyone else. Or that she has an interest in remaining anonymous to avoid disclosing a future intent to violate some law, regulation, or policy. Rather, she claims that the various University-personnel Defendants directed unlawful actions specifically against her based on her past conduct.

If the Court were to read this factor as expansively as Plaintiff urges—to apply any time a litigant challenges "government activity" broadly understood—then the factor would counsel in favor of anonymity in *every* § 1983 action. In each such case, the plaintiff is necessarily challenging "government action" in some sense. After all, that statute extends only to actions taken "under color of" state law. The Court declines to adopt what would essentially amount to a presumption in favor of such cases proceeding pseudonymously.

Further, a separate underlying reason why courts sometimes allow anonymous challenges against the government is that the government defendant does not suffer reputational harm, so perhaps the plaintiff should not either as a matter of equity. As one court explained it: "[a]ctions against the government do no harm to its reputation, whereas suits filed against private parties may damage their good names and result in economic harm … it is a matter of '[b]asic fairness' that a private-party defendant's accusers participate in the suit under their real names." *Pittsylvania Cnty*, 844 F. Supp. 2d at 730 (quotation omitted); *see also EW v. New York Blood Ctr.*, 213 F.R.D. 108, 111 (E.D.N.Y. 2003) ("[T]he government is viewed as having a less

4

significant interest in protecting its reputation from damaging allegations than the ordinary individual defendant.").

But that reasoning again cuts *against* Plaintiff here. She does not name a government *entity*, rather, she names three individuals who work for a government university. And each of those individuals have their own reputational interests. So, "basic fairness" cuts in favor of Plaintiff putting her own reputation at stake, as well. All told, and for multiple reasons, this first factor does not cut in Plaintiff's favor.

Admittedly, the remaining consideration, whether the suit will require the disclosure of intimate information, is perhaps a closer call. Plaintiff argues that this factor supports her request because her school records, including disciplinary records, are confidential under the Family Educational Rights and Privacy Act (FERPA). (Doc. 2, #19). She is correct insofar as she goes. There is certainly at least some privacy interest at stake. But the Court is unconvinced that school records like those here rise to the level of "information of the utmost intimacy" that warrants anonymity. *See Doe v. Bowling Green State Univ.*, No. 3:22-cv-140, 2022 WL 4599247, at *14–15 (N.D. Ohio Sept. 30, 2022) (noting religious beliefs, sexual abuse, birth control, abortion, sexual orientation, and welfare rights of illegitimate children as past examples of intimate information); *but see Roe v. Adams-Gaston*, No. 2:17-cv-945, 2017 U.S. Dist. LEXIS 181930, at *1–2 (S.D. Ohio Nov. 2, 2017) (granting an *unopposed* request to proceed anonymously when the intimate information included education records covered under FERPA). As another court in this circuit recently observed, while it is understandable that a plaintiff "prefers to keep the public from learning that [a

university] has found that [the student] committed misconduct, … a desire to keep embarrassing information secret does not justify anonymity." *Doe v. Univ. of Ky.*, No. 5:26-180, 2026 WL 1458988, at *3 (E.D. Ky. May 22, 2026) (quoting *Doe v. Loyola Univ. Chicago*, 100 F.4th 910, 913 (7th Cir. 2024)). Indeed, if "a desire to keep bad news confidential [were] adequate to justify secrecy, [that] would lead to a norm of anonymity across swaths of civil and criminal litigation." *Id.* (quoting *Loyola Univ. Chicago*, 100 F.4th at 913). Moreover, to the extent Plaintiff has legitimate privacy concerns about specific portions of the information in those records, the Court can address that by narrower means, such as a protective order.

Finally, while the listed factors in *Porter* are not exhaustive, the Plaintiff here fails to identify any other factors in support of her requested relief. In sum, the Court finds that Plaintiff has failed to demonstrate that her privacy interests substantially outweigh the presumption of open judicial proceedings.

## CONCLUSION

For the reasons discussed above, the Court **DENIES** the Motion for Leave to Proceed Anonymously (Doc. 2). Plaintiff is ordered to refile her Complaint identifying herself by her legal name within 30 days of the date of this Order. Should she elect not to do so, the Court will dismiss this action without prejudice for her failure to prosecute.

**SO ORDERED.**

June 8, 2026
   **DATE**

   **DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**